# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MOSES ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-330 |
| | ) | |
| JOSE MORALES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Moses Ross is incarcerated at Coastal State Prison in the State of Georgia. His petition for habeas relief from a detainer lodged against him in violation of the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. pp. 585-620 (1985), was recommended for dismissal for improper venue and failure to exhaust. Doc. 3. Ross has since filed objections elucidating that the detainer was lodged against him by the Superior Court of Houston County, in the State of *Georgia*. *See* doc. 4 at 1. The Court therefore **VACATES** its prior Report and Recommendation to dismiss his petition for improper venue (doc. 4).

This Court, however, lacks habeas jurisdiction to grant relief under the IADA. "The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding

criminal charges brought against prisoners incarcerated in other jurisdictions." *Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994); *see also Carchman v. Nash*, 473 U.S. 716 (1985). It establishes a procedure for a prisoner *incarcerated in one state* to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a *detainer lodged against him by another state*.

The *Interstate* Agreement on Detainers Act, by its name and its terms, is an agreement among "contracting States." IADA, § 2. The right to be tried within 180 days is triggered *only* when a prisoner in "a party State" becomes subject to a detainer lodged by "[an]other party State." IADA, § 2, art. III(a). The statutory term "State" is defined to mean a state of the United States; the United States; the District of Columbia; Puerto Rico; or a territory of the United States. IADA, § 2, art. II(a). Though Ross is a prisoner and also is subject to a detainer, the state that filed the detainer against him is the *same* state in whose jurisdiction he is incarcerated -- Georgia. *See* doc. 4 at 1. Nothing in the IADA offers him relief.

Accordingly, Moses Ross's 28 U.S.C. § 2254 petition should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __6th__ day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA